# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE ELIJAH JONES,<br><br>  Plaintiff,<br><br>  v.<br><br>WASCO STATE PRISON, *et al.*,<br><br>  Defendants. | Case No. 1:23-cv-00543-BAM (PC)<br><br>ORDER DECLINING TO SCREEN IMPROPERLY ADDED CLAIMS<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE SECOND AMENDED COMPLAINT<br><br>(ECF No. 17)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Wayne Elijah Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and he was granted leave to amend. Plaintiff's first amended complaint is before the Court for screening. (ECF No. 17.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at R.J. Donovan Correctional Facility in San Diego, CA. In Plaintiff's first amended complaint, Plaintiff asserts new and different claims against officers at his current housing facility, R.J. Donovan. Plaintiff names as new defendants to this action, employees of R.J. Donovan: Officer Saronto, John Doe-Tower Officer, Sheriff's Department, Ms. Cruze-doctor, John Doe-medical. (Doc. 17 pp.2-3.) The first amended complaint complains of events that occurred on August 10, 2023 and August 11, 2023 while Plaintiff was housed at R.J. Donovan.

None of these facts involve events that were alleged in Plaintiff's original complaint. The allegations and the defendants named in the first amended complaint are entirely different from the allegations in Plaintiff's original complaint. The original complaint alleged constitution violations for events that occurred while Plaintiff was housed at Wasco State Prison and against different defendants, who are not now named. In Plaintiff's original complaint, Plaintiff named as Defendants in this case, (1) Wasco State Prison, (2) Night Duty Tower Officer, (3) Gonzelas, Floor Correctional Officer, (4) Hayes, Floor Correctional Officer, and (4) "Baker 2, 3."

## III. Failure to Comply with Court Order

In the Court's screening order issued on June 28, 2023, Plaintiff was informed that he may amend the complaint to cure the deficiencies that the Court identified in screening the original

complaint. (Doc. 13.) Plaintiff was expressly cautioned that "**Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.**" (Doc. 13, p. 7) (emphasis added.)

Plaintiff failed to follow the admonitions of the Court. Plaintiff's first amended complaint changes the very nature of the suit by adding new claims, arising out of R.J. Donovan and against different defendants, officers and employees at R.J. Donovan. Plaintiff's original complaint, however, alleged claims for events that occurred while he was housed at Wasco State Prison, against officers and employees of Wasco State Prison. Thus, because the first amended complaint alleges new and different claims against new and different defendants, Plaintiff first amended complaint is in violation of the Court's order. The Court will not expend its scarce resources to screen improper allegations.

The new allegations arising out of R.J. Donovan belong in a separate lawsuit.

## IV. Conclusion and Order

As Plaintiff is proceeding *pro se*, the Court will grant Plaintiff a **FINAL** opportunity to amend his complaint to cure the identified deficiencies in the Court's screening order to the extent he is able to do so in good faith. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff may amend his complaint to cure the deficiencies identified in the Court's screening order regarding the original complaint.

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, **Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint**. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). He may only cure the deficiencies identified in the Court's screening order.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

3

*Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint curing the deficiencies identified by the Court in its screening order (or file a notice of voluntary dismissal);
3. The clerk of the Court is directed to serve a copy of the Court's screening order (Doc. 13) on Plaintiff; and
4. **If Plaintiff fails to comply with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **August 30, 2023**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE

4