**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE E. JONES, | Case No. 1:23-cv-00543-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| WASCO STATE PRISON, *et al.*, | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM |
| Defendants. | |
| | (ECF No. 20) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Wayne E. Jones ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff's second amended complaint is currently before the Court for screening. (ECF No. 20.)

**I.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

///

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Summary of Plaintiff's Allegations**

In screening the first amended complaint, the Court noted that Plaintiff asserted new and different facts against officers at Plaintiff's current housing facility, R.J. Donovan, while the original complaint alleged constitutional violations for events that occurred while Plaintiff was housed at Wasco State Prison and against different defendants that were no longer included in the first amended complaint. (ECF No. 19.) Plaintiff had previously been cautioned not to change the nature of this suit by adding new, unrelated claims in his first amended complaint. (ECF No. 13, p. 7.) The Court therefore declined to expend its scarce resources to screen improper allegations, and granted Plaintiff a final opportunity to amend his complaint by filing a second amended complaint that did not raise new or unrelated claims. (ECF No. 19.)

It appears that the second amended complaint attempts to allege violations that occurred while Plaintiff was housed at various prisons and detention facilities throughout the state of California. (*See* ECF No. 20, p. 6.) While Plaintiff has renamed the original defendants employed at Wasco State Prison, Plaintiff also appears to name additional defendants, including various state and federal courts, California government agency offices, private law firms, non-

profit law firms, public defender offices, detention facilities, state bar associations, and sheriff's departments.  (*Id.* at 1–2, 4.)

The second amended complaint then sets forth some of the same allegations from the original complaint, stating in part:

> In Baker 2 – I was harassed because of one roll of tissue missing.  The officers turn-up the hold Baker for one roll of tissue, I filed a 602 to let them know that they were out of line.  When I exercise my 1st Amend Const. Rights, I was move to Baker-3.
> . . . .
> In Baker 3. I was harrassed for send letters to the U.S. District Court.  I was order by officer Night, Tower Officer to stop writing on my envelops, most envelop was sent back to me because of me exercising my 1st Amend. Const. rights.

(*Id.* at 3 (unedited text).)

The remainder of the second amended complaint consists of headings from a civil rights action practice guide, citations to various state and federal court cases and regulations without reference to any particular factual allegations, and a series of exhibits that are unincorporated by reference but all appear to relate to grievances filed while Plaintiff was housed at RJD.

Finally, Plaintiff seeks the following relief:

> File Civil Rights Actions against all the Defendants of my cases.  I want them to pay for what they have done to my Mental Health, Physical Health, and or Spiritual Health.  I want my mental health treatment team and Doctor to be sue individually, at Wasco State Prison, High Desert State Prison and Richard J. Donovan Correctional Facility.

(*Id.* at 7 (unedited text).)

**III.    Discussion**

Plaintiff's second amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18, and 20 and fails to state a cognizable claim for relief.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies.

    **A.    Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Detailed factual allegations

1   are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
2   conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must
3   set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on
4   its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations
5   are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,
6   572 F.3d at 969.

7       Here, Plaintiff's complaint is relatively short, but not a plain statement of his claims.
8   Plaintiff's allegations are conclusory as to what happened, when it happened, where it happened,
9   or which defendant was involved. Plaintiff may not merely recite a list of regulations or
10  constitutional rights and claim that all of them were violated by every defendant named in the
11  action.

12      **B.**    **Linkage Requirement**

13      Section 1983 of the Civil Rights Act requires that there be an actual connection or link
14  between the actions of the defendants and the deprivation alleged to have been suffered by
15  Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, (1978); *Rizzo v. Goode,* 423 U.S. 362
16  (1976). The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a
17  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates
18  in another's affirmative acts or omits to perform an act which he is legally required to do that
19  causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th
20  Cir. 1978). Plaintiff also fails to link any named defendant to an alleged constitutional violation.
21  *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("A plaintiff must allege facts, not
22  simply conclusions, that show that an individual was personally involved in the deprivation of his
23  civil rights.").

24      **C.**    **Federal Rules of Civil Procedure 18 and 20**

25      Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed.
26  R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*,
27  507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so
28  long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and

occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff was warned repeatedly that he may not raise different claims against different defendants in a single action. Nevertheless, Plaintiff filed a second amended complaint that names even more defendants than were named in the first amended complaint, and does not attempt to make any connection between them. Plaintiff may not simply list regulations and constitutional rights and claim that all were violated by each defendant named in an action. Plaintiff also may not bring unrelated claims that occurred at different institutions. Unrelated claims involving different defendants belong in different suits.

### D.     **Eleventh Amendment Immunity**

Plaintiff names several courts, correctional institutions, government agencies, and law enforcement agencies as defendants.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Public Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Indeed, the Eleventh Amendment prohibits federal courts from hearing a Section 1983 lawsuit in which damages or injunctive relief is sought against a state, its agencies (such as CDCR) or individual prisons, absent "a waiver by the state or a valid congressional override. . . ." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). "The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, 'an arm of the state,' its instrumentalities, or its agencies." *See Fireman's Fund Ins. Co. v. City of Lodi, Cal.*, 302 F.3d 928, 957 n.28 (9th Cir. 2002) (internal quotation and citations omitted), cert. denied, 538 U.S. 961 (2003). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court. . . ." *Dittman*, 191 F.3d at 1025–26 (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)); *see also Brown v. Cal. Dep't. of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (finding California Department of

Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity).

### E. Plaintiff Bringing Claims on Behalf of Others

It appears that Plaintiff may be seeking to represent other inmates in a class action. (*See* ECF No. 1, p. 7.) As a *pro se* litigant, Plaintiff is prohibited from bringing claims on behalf of others. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) (stating that "[a] litigant appearing in propria persona has no authority to represent anyone other than himself.")

### F. Habeas Corpus

To the extent that Plaintiff is attempting to challenge the validity of his conviction, the duration of conviction, or his incarceration, the exclusive method for asserting that challenge is by filing a petition for writ of habeas corpus. State prisoners cannot challenge the fact or duration of their confinement in a § 1983 action, and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson,* 544 U.S. at 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. He must seek federal habeas corpus relief (or appropriate state relief) instead.").

### G. Outgoing Mail

Plaintiff appears to allege that someone interfered with his outgoing mail. Prison inmates enjoy a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). However, there must be a "delicate balance" between prisoners' First Amendment rights and the discretion given to prison administrators to govern the order and security of the prison. *Thornburgh v. Abbott*, 490 U.S. 401, 407–08 (1989). A prison may adopt regulations or practices for incoming mail which impinge on prisoners' First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Further, a temporary delay or isolated incident of mail interference is usually insufficient to establish a constitutional violation. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999); *Zaiza v. Tamplen*, No. 2:15–cv–0447–KJM–EFB P, 2016 WL 2930877, at *4 (E.D. Cal. May 19, 2016) ("An isolated incident of mail interference or tampering is usually insufficient to establish a constitutional violation.").

The allegations are too vague to state a plausible claim.

**H.     Retaliation**

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Silva*, 658 at 1104; *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

There is no indication from the allegations in the complaint that any individual took an adverse action against Plaintiff because of any protected activity or that the actions of any defendant had a chilling effect on Plaintiff's future First Amendment activities or that he suffered any harm that was more than minimal.

**IV.     Conclusion and Recommendation**

For the reasons discussed, the Court finds that Plaintiff's second amended complaint fails to comply with Federal Rules of Civil Procedure 8, 18, and 20 and fails to state a cognizable claim for relief. Despite being provided with the relevant legal standards, Plaintiff has been unable to cure the deficiencies in his complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Furthermore, IT IS HEREBY RECOMMENDED that this action be dismissed, with prejudice, for failure to comply with Federal Rules of Civil Procedure 8, 18, and 20 and for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen**

**(14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 15, 2023**          /s/ Barbara A. McAuliffe            
UNITED STATES MAGISTRATE JUDGE